DONALD SPECTER (SBN 83925)
dspecter@prisonlaw.com
THOMAS M. NOSEWICZ (SBN 317849)
tom@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

JESSICA VALENZUELA
SANTAMARIA (SBN 220934)
jsantamaria@cooley.com
ADDISON M. LITTON (SBN 305374)
alitton@cooley.com
MARK A. ZAMBARDA (SBN 314808)
mzambarda@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

KENDALL DAWSON WASLEY
(SBN 252294)
kendall@dawsonwasleylaw.com
PMB 233, 1520 E. Covell Blvd.
Davis, CA 95615
Telephone: (408) 827-5024

*Attorneys for Plaintiffs*

JAMES R. WILLIAMS, County
Counsel (SBN 271253)
DOUGLAS M. PRESS, Assistant
County Counsel (SBN 168740)
ARYN PAIGE HARRIS, Deputy
County Counsel (SBN 208590)
LING YANG LEW, Deputy County
Counsel (SBN 271200)
OFFICE OF THE COUNTY
COUNSEL
70 West Hedding Street
East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

*Attorneys for Defendant*
Santa Clara County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>*Defendant.* | Case No. 1:15-cv-05277-RMI<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE AND NOTICE TO THE CLASS**<br><br>Date: November 27, 2018<br>Time:10:00 AM<br><br>Magistrate Judge Robert M. Illman |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ORDER GRANTING MOTION FOR PRELIMINARY
APPROVAL OF CONSENT DECREE CASE NO. 1:15-CV-
05277-RMI

Plaintiffs in this action, Brian Chavez, Brandon Bracamonte, and a class of all people who are now, or in the future will be, incarcerated in the Santa Clara County jails, and a subclass of all people who are now, or in the future will be, incarcerated in the Santa Clara County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, allege that conditions in the Jails violate the Eighth and Fourteenth Amendments of the United States Constitution and the Americans with Disabilities Act. Plaintiffs claim that they are entitled to injunctive relief to address their claims.

The parties have entered into a Consent Decree that was filed with their Joint Motion for Preliminary Approval of Consent Decree and Notice to the Class, which would settle all claims in this case. The parties have submitted a proposed notice to the class, as well as a proposed order regarding the distribution of the notice to the plaintiff class. This Court has presided over the proceedings in the above-captioned action and has reviewed all of the pleadings, records, and papers on file. The Court has reviewed the Joint Motion for Preliminary Approval of Consent Decree and Notice to the Class along with the Consent Decree and supporting documents, and has considered the parties' arguments concerning the proposed settlement of this class action. The Court has determined that inquiry should be made regarding the fairness and adequacy of this proposed settlement.

Accordingly, good cause appearing, IT IS ORDERED AS FOLLOWS:

1.      A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quotation marks and citations omitted). The Court finds that this standard is met in this case, as the proposed settlement is the product of arms-length, serious, informed, and non-collusive

negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.

2. The Court finds that the requirements of Rule 23(b)(2) are met because this action seeks declaratory and injunctive relief against policies and practices that risk harm and discriminatory treatment to the class.

3. The Court finds that the Consent Decree meets the requirements of 18 U.S.C. § 3626(a)(1). The Consent Decree attached hereto is granted preliminary approval and incorporated by reference herein, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Consent Decree.

4. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties, and finds that the proposed method of disseminating the Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances.

5. By December 18, 2018, the County is directed to post the Notice in English, Spanish, and Vietnamese in all housing units in such a manner as to make the notice visible to all inmates. The County shall hand deliver a copy of the Notice to each inmate in administrative management. The Notice shall be posted and delivered for thirty days.

6. The County is also directed to provide a copy of this Order, the full Consent Decree, the Remedial Plan and Plaintiffs' motion for attorneys' fees to inmates who complete an inmate request form and request the documents. Defendant must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

7. A fairness hearing shall take place at 10:00 a.m. on February 27, 2019 in Courtroom 14, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Consent Decree is fair, reasonable, and adequate and

should be finally approved by the Court. The hearing may be continued from time to time without further notice to the class. Any further briefing from the parties in advance of the hearing shall be filed no later than February 13, 2018.

8. Any member of the class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at their own expense), but need not do so. Class members who do not enter an appearance through their own attorneys will be represented by class counsel. Alternatively, any member of the class may write to the Court about whether the settlement is fair.

9. The Court will consider written communications when deciding whether to approve the settlement. Comments regarding the fairness of the settlement must include at the top of the first page the case name (*Chavez v. County of Santa Clara*) and the case number (N.D. Cal. No. 1:15-cv-05277-RMI). A written comment must contain the author's full name and must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the class member. A class member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing. Comments must be postmarked by January 17, 2019, and must be sent to the following address:

> Clerk of the Court
> United States District Court
> 450 Golden Gate Avenue
> San Francisco, CA 94102

**IT IS SO ORDERED.**

Dated: November 27, 2018

_____
The Honorable Robert M. Illman
United States Magistrate Judge

188894774 v2