DONALD SPECTER (SBN 83925)
dspecter@prisonlaw.com
THOMAS M. NOSEWICZ (SBN 317849)
tom@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

JESSICA VALENZUELA
SANTAMARIA (SBN 220934)
jsantamaria@cooley.com
ADDISON M. LITTON (SBN 305374)
alitton@cooley.com
MARK A. ZAMBARDA (SBN 314808)
mzambarda@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

KENDALL DAWSON WASLEY
(SBN 252294)
kendall@dawsonwasleylaw.com
PMB 233, 1520 E. Covell Blvd.
Davis, CA 95615
Telephone: (408) 827-5024

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>*Defendant*. | Case No. 1:15-cv-05277-RMI<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date: February 27, 2019<br>Time: 10:00 AM<br>Place: Courtroom 14<br>450 Golden Gate Avenue<br>San Francisco, California<br><br>Magistrate Judge Robert M. Illman |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs move this Court pursuant to Federal Rule of Civil Procedure 23(h) for an order awarding Plaintiffs' counsel attorneys' fees and costs. This unopposed Motion is supported by the record before the Court, the following Memorandum of Points and Authorities, and the accompanying Declarations of Donald Specter ("Specter Decl."), Jessica Valenzuela Santamaria ("Santamaria Decl."), and Kendall Dawson Wasley ("Wasley Decl.").

Plaintiffs respectfully request that the Court set this matter for hearing at the same date and time as the fairness hearing, set for February 27, 2019 at 10:00 a.m. (Doc. # 77, #78).

Dated: December 14, 2018         COOLEY LLP

/s/ Jessica Valenzuela Santamaria
JESSICA VALENZUELA SANTAMARIA (220934)
ADDISON M. LITTON (305374)
MARK A. ZAMBARDA (314808)

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have agreed to pay Plaintiffs' attorneys' merits fees and out-of-pocket expenses in the amount of $1,600,000. This amount — which reimburses Plaintiffs' counsel for some but not all of their actual hours spent and out-of-pocket expenses — is fair and reasonable in light of the results obtained through this litigation, the lengthy and detailed settlement negotiations over the course of three years, and the difficulty and complexity of the issues involved.

In this case, Plaintiffs sought to address deficiencies in medical, mental health, and dental care provided to individuals in Defendant's jails, as well as the use of solitary confinement in the jails, discrimination against people with non-mobility disabilities, and the use of force against individuals in the jails. The Consent Decree does just that. It includes a 46-page Remedial Plan that requires Defendant to implement specific policies, procedures, and practices intended to ensure minimally adequate healthcare and to guarantee that people with non-mobility disabilities receive reasonable accommodations. It also includes a use of force policy and detailed requirements governing the use of restrictive housing in Defendant's jails.

To get to this result, Plaintiffs devoted more than three years to investigating this case, meeting, corresponding with, and interviewing people detained at the jail, reviewing and analyzing healthcare and custody records, inspecting the jail facilities, working with six neutral experts, reviewing policies and procedures, and meeting and negotiating with Defendant. The Parties expended considerable time and resources negotiating the terms of the Consent Decree and Remedial Plan.

The Parties have now settled all claims raised in the action. This Court has granted preliminary approval of the Consent Decree. (Doc. # 77.)

The Consent Decree provides that "Defendant has agreed to pay Plaintiffs' counsel $1,600,000 as their reasonable attorney's fees, costs, and expenses incurred from the date of filing of the Complaint in this action through final court approval of

this Consent Decree." Consent Decree, Doc. # 74, Ex. 1, ¶ 31. The Consent Decree also provides that Defendant will pay Plaintiffs' counsel for their reasonable time and expenses relating to monitoring and enforcing the Consent Decree and Remedial Plan, in an amount of $200,000 per year. *Id.*, ¶ 32.

Pursuant to Federal Rule of Civil Procedure 23(h), class members must be provided with notice and an opportunity to comment on any motion for fees. The parties have agreed that this Motion for Attorneys' Fees and Expenses should be heard at the same time as the hearing for final approval of the settlement agreement, currently set for February 27, 2019 at 10:00 a.m.

## II.  ARGUMENT

### A.  The Parties Have Agreed to an Award of Attorneys' Fees and Costs.

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Parties have agreed to an award of fees and costs in this case in the amount of $1,600,000, which represents a partial recovery of attorney time actually spent and out-of-pocket expenses actually paid by Plaintiffs' counsel in pursuit of this litigation. Specter Decl., ¶¶ 15-16.

Because the fee agreement does not reduce any recovery by the Class, and because there is no evidence of collusion between Plaintiffs' counsel and Defendant, the Parties' agreement as to attorneys' fees "is accorded great weight." *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 482 (S.D. Cal. 2013). The Court's task in evaluating a negotiated settlement is "simply to determine whether the negotiated fee is facially fair and reasonable." *Hernandez v. Kovacevich "5" Farms*, No. 1:04-cv-5515, 2005 WL 2435906, at *8 (E.D. Cal. Sept. 30, 2005); *see also Officers for Justice v. Civil Serv. Comm'n of City and Cty. of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982) ("[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties . . . must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

PLAINTIFFS' NOTICE OF MOTION AND
UNOPPOSED MOTION FOR ATTORNEYS' FEES
AND EXPENSES CASE NO. 1:15-CV-05277-RMI

between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.")  As explained below, the agreed upon fee is fair and reasonable, and the Court should enforce the terms of the agreement and award Plaintiffs the agreed-upon sum pursuant to Rule 23(h).

### B. The Requested Award Is Fair and Appropriate.

Plaintiffs' request for compensation reasonably reflects the time necessary to manage and litigate this case. Courts use the lodestar method for calculating attorneys' fees, which consists of multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). To determine the appropriate lodestar figure for an attorney's fees award, the courts consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Graves v. Arpaio*, 633 F. Supp. 2d 834, 842 (D. Ariz. 2009) *aff'd,* 623 F.3d 1043 (9th Cir. 2010) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)). Factors (1) through (4) and (6) are taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation. Factors (5) and (7) through (12) are considered in determining whether to adjust the presumably reasonable lodestar figure. *Graves*, 633 F. Supp. 2d at 842 (citing *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996)).

Factors (1) through (4) and (6) all support Plaintiffs' request, and factors (5) and (7) through (12) show no basis for adjusting the lodestar figure, nor have the Parties

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

PLAINTIFFS' NOTICE OF MOTION AND
UNOPPOSED MOTION FOR ATTORNEYS' FEES
AND EXPENSES CASE NO. 1:15-CV-05277-RMI

requested such adjustment. In light of the "strong presumption that the lodestar figure is reasonable," and courts' mandates that "adjustments are to be adopted only in exceptional cases," *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992); *Morales*, 96 F.3d at 363 n. 8 (accord), the requested fee award should be approved.

### 1. The Agreed-Upon Lodestar Figure is Reasonable.

#### a. Time and labor

The fee request reasonably reflects the time and labor required to litigate this matter. This is a complex civil rights class action brought on behalf of over three thousand people detained in the County's jails on average day-to-day and all future people to be housed in the jails in the future. This action raises serious constitutional questions, and will result in fundamental changes to Defendant's policies, practices, and procedures. Specter Decl. ¶ 7. Obtaining this result required review and analysis of numerous jail policies and procedures, interviews of scores of people incarcerated at the jail, jail inspections, detailed expert analyses, and hours of meetings and negotiations. Specter Decl., ¶¶ 4-6.

The agreed-upon fee award was calculated pursuant to the lodestar method; that is, Plaintiffs' counsel kept contemporaneous time records that detail all work completed, and to calculate the requested award Plaintiffs multiplied the number of hours actually worked as of August 2018 by a reasonable hourly rate of $440 to $965 per hour for attorneys and $250 to $275 for non-attorneys. Specter Decl., ¶¶ 10, 12-13; Santamaria Decl. ¶¶ 4-5; Wasley Decl. ¶¶ 4-5. Though counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. Specter Decl., ¶ 8; Santamaria Decl. ¶ 4; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original).

The requested fee award fairly reflects the time and labor required to litigate this complex case, and should be approved.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

PLAINTIFFS' NOTICE OF MOTION AND
UNOPPOSED MOTION FOR ATTORNEYS' FEES
AND EXPENSES CASE NO. 1:15-CV-05277-RMI

### b. Novelty and difficulty of the questions

The requested fee award also fairly reflects the novelty and difficulty of the questions presented. Plaintiffs' claims presented difficult questions of law and fact, including the quality of healthcare required under the Eighth and Fourteenth Amendments, the constitutionality of Defendant's use of restrictive housing and use of force practices, and whether Defendant needed to make systemic and programmatic changes to accommodate people with non-mobility disabilities.

Though not all of the legal principles involved in Plaintiffs' claims were novel, applying them to the class of people in the Santa Clara County jails proved complex. For instance, embedded in these difficult questions is the issue of how Defendant will meet its obligations under federal law within its budgetary and physical plant constraints. Plaintiffs' counsel reasonably expended significant time and resources to address these important issues.

### c. Skill requisite to perform the legal service properly

Marshaling evidence on a wide range of complex issues and engaging Defendant in settlement negotiations in a case of substantial magnitude required considerable skill. Plaintiffs' counsel are highly experienced in trial practice and both civil rights and general litigation. Counsel from the Prison Law Office specialize in the area of prisoners' rights. Specter Decl., ¶ 2. Counsel from Cooley LLP are also highly experienced in class action litigation, including in the context of prison reform. Santamaria Decl. ¶ 2.  Ms. Wasley is an active member of the criminal defense community in Santa Clara County, and her practice includes individual representation of Class members.  Wasley Decl. ¶ 2.

The skill of Plaintiffs' counsel is apparent in the results they obtained, including certification of the class, negotiating a detailed and comprehensive Remedial Plan, and ultimately obtaining a settlement that provides the class with considerable benefits. Specter Decl. ¶ 7.

### d. Exclusion of other employment

Representing the class required a significant investment of attorney time over more than three years. As a result, the attorneys' ability to take on other cases was negatively affected. Specter Decl., ¶ 9; Santamaria Decl. ¶ 7; Wasley Decl. ¶ 7.

### e. Contingency or fixed fee

Plaintiffs' counsel is not charging class members a fee for their services. Counsels' fees are based purely on the Consent Decree. Specter Decl., ¶ 8.

### f. Out-of-pocket expenses

The requested award of costs and fees is also reasonable because Plaintiffs' counsel expended almost $15,000 in out-of-pocket expenses in pursuing this litigation. Specter Decl., ¶ 14; Santamaria Decl. ¶ 9; Wasley Decl. ¶ 6. Such expenses "would normally be charged to a fee paying client." *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

### 2. The Court Need Not Adjust the Agreed-Upon Lodestar Figure.

The remaining factors not subsumed in the initial lodestar calculation also support the amount of fees sought. First, the Parties faced time limitations to reach agreement on the Consent Decree imposed by the impending trial date in February 2019. Second, the results obtained through the robust Consent Decree are highly favorable to the Class in improving day-to-day conditions at the jails. Specter Decl. ¶ 7. Third, Plaintiffs' counsel are deeply experienced and capable advocates. Specter Decl. ¶ 2; Santamaria Decl. ¶ 2; Wasley Decl. ¶ 2. Fourth, class actions "on behalf of prisoners involving the conditions of confinement are exceedingly fact-intensive, time-consuming, and expensive to litigate" and are therefore "undesirable." *Graves*, 633 F. Supp. 2d at 847. Fifth, Plaintiffs' counsel's relationship with members of the Class, including named Plaintiffs, began more than three years ago. Finally, although the amount of fee awards granted in prison and jail class actions widely vary based on the scope of the remedies and the duration of each respective case, as stated above, the hourly fee sought is consistent with the market rate paid in other cases. Specter Decl.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

PLAINTIFFS' NOTICE OF MOTION AND
UNOPPOSED MOTION FOR ATTORNEYS' FEES
AND EXPENSES CASE NO. 1:15-CV-05277-RMI

¶ 11.

In light of all of the above, the agreed-upon fees should be granted in the amount requested by Plaintiffs and agreed upon by the Parties.

## III. CONCLUSION

The agreed-upon fee award is fair and reasonable. Accordingly, Plaintiffs' respectfully request that the Court issue an order awarding Plaintiffs $1,600,000 in fees and costs and $200,000 per year for monitoring and enforcing the Consent Decree and Remedial Plan.

Respectfully submitted,

Dated: December 14, 2018   COOLEY LLP

*/s/ Jessica Valenzuela Santamaria*
JESSICA VALENZUELA SANTAMARIA (220934)

ADDISON M. LITTON (305374)
MARK A. ZAMBARDA (314808)

*Attorneys for Plaintiffs*

Dated: December 14, 2018   PRISON LAW OFFICE

*/s/ Donald Specter*
DONALD SPECTER (83925)

THOMAS M. NOSEWICZ (317849)

*Attorneys for Plaintiffs*

Dated: December 14, 2018   KENDALL DAWSON WASLEY

*/s/ Kendall Dawson Wasley*
KENDALL DAWSON WASLEY (252294)

*Attorney for Plaintiffs*

**ATTESTATION**

I hereby attest that I have on file the holograph signature of the signature indicated by a "confirmed" signature (/s/) within this e-filed document.

Dated: December 14, 2018        COOLEY LLP

                                              */s/ Jessica Valenzuela Santamaria*
                                              Jessica Valenzuela Santamaria