DONALD SPECTER (SBN 83925)
dspecter@prisonlaw.com
THOMAS M. NOSEWICZ (SBN 317849)
tom@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

JESSICA VALENZUELA SANTAMARIA (SBN 220934)
jsantamaria@cooley.com
ADDISON M. LITTON (SBN 305374)
alitton@cooley.com
MARK A. ZAMBARDA (SBN 314808)
mzambarda@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

KENDALL DAWSON WASLEY (SBN 252294)
kendall@dawsonwasleylaw.com
PMB 233, 1520 E. Covell Blvd.
Davis, CA 95615
Telephone: (408) 827-5024

Attorneys for Plaintiffs

JAMES R. WILLIAMS,
County Counsel (SBN 271253)
DOUGLAS M. PRESS,
Assistant County Counsel (SBN 168740)
ARYN PAIGE HARRIS,
Deputy County Counsel (SBN 208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street
East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
Santa Clara County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 1:15-cv-05277-RMI<br><br>**[Proposed] Order Granting Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees and Expenses**<br><br>Date: March 14, 2019<br>Time: 1:00 PM<br>Magistrate Judge Robert M. Illman |

On December 14, 2018, named plaintiffs Brian Chavez and Brandon Bracamonte ("Plaintiffs") on behalf of themselves and all others similarly situated, filed an Unopposed Motion for Attorneys' Fees and Expenses, ECF No. 79. On February 27, 2019, Plaintiffs and Defendant County of Santa Clara ("Defendant") filed a Joint Motion for Final Approval of Class Action Settlement, ECF No. 99. The matters came before the Court for a hearing on March 14, 2019. Having considered the briefing in support of both motions, responses from class members, relevant legal authority, and the record in this case, the Court **GRANTS** both motions.

Under Federal Rule of Civil Procedure 23(e), "claims, issues, or defenses of a certified class may be settled … only with the court's approval." District courts must balance multiple factors when assessing whether a settlement is "fair, adequate and free from collusion" under Rule 23(e). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). These factors include "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.* at 1026. "This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

The Court finds that a majority of the factors favor settlement, and that the settlement is fair, reasonable, and adequate. The Plaintiffs case is strong here, as shown by serious settlement discussions that began shortly after the complaint was first filed in this case that resulted in a voluntary stay of discovery. However,

Plaintiffs face substantial burdens in demonstrating a current and ongoing violation of inmates' constitutional rights on a system-wide basis. And proceeding through pre-trial motions, trial, and probable appeal would impose risks, costs, and a substantial delay in the implementation of any remedy in this matter. Because settlement discussions began early in this case, the parties engaged in only limited discovery, but did work together collaboratively to ensure that Plaintiffs' counsel had access to the jails, personnel who worked there, and people incarcerated there, as well as allowing several subject-matter experts access to the jail.

Next, Plaintiffs' counsel has extensive experience in prisoners' rights litigation and complex class action litigation and believe that the settlement here is in the best interest of all plaintiffs. Defendant is represented by county counsel who similarly is experienced and knowledgeable in this type of litigation. And, as the Court has previously found, the settlement is "the product of arms-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation." ECF No. 77 at 1–2. The Court finds no reason to reconsider this previous finding.

The reaction of class members to the settlement is further support for final approval. Defendant complied with the Court's order regarding the provision of notice to the class.   ECF Nos. 83 & 84. Class members were afforded an opportunity to comment or object to the settlement, and this Court held a hearing on the matter. Though approximately 3,000 individuals are incarcerated at Defendant's jails, the Court received only thirteen letters about the settlement, include two from non-class members. *See* ECF Nos. 85–97. Most letters detailed individual experiences with the deficiencies identified in the case; these letters weigh in favor of approving the

Consent Decree. Other letters suggested additional matters that the settlement should cover or thoughts on how the settlement should be implemented. No letter clearly objected to the settlement. The Court is satisfied that the concerns in the comments are adequately addressed by the Consent Decree. The Court also notes that the settlement will not bar individual damage claims by class members. *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events."). The overall positive reaction to the Consent Decree therefore weighs in favor of approval.

Weighing against final approval is the risk of maintaining class action status throughout the trial. The Court approved the parties' joint application for class action status on September 20, 2016, ECF No. 34, so it is unlikely that Defendant would contest class certification if the Court rejects the proposed Consent Decree. *See* Fed. R. Civ. P. 23(c)(1)(C) (allowing court to revisit certification before final judgment).

The Court further finds that the Consent Decree meets the requirements of the Prison Litigation Reform Act at 18 U.S.C. § 3626(a). In so doing, the Court finds that the relief contained therein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

The Court finds that the agreed-upon award of $1,600,000 for fees and expenses is fair and reasonable. Plaintiffs sought to address deficiencies in dental, medical and mental health care, reasonable accommodations for persons with non-mobility disabilities, the use of restrictive housing, and use of force. The Consent

Decree does just that; it includes a detailed, forty-six page Remedial Plan covering those topics.

The fee request reasonably reflects the time and labor required to litigate this matter and was calculated pursuant to the lodestar method. *See* Decl. of Donald Specter in Supp. of Pls.' Unopposed Mot. for Attorneys' Fees and Expenses at ¶¶ 8–13, ECF No. 81. Although counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. *Id.* at ¶ 8; *see Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The agreed-upon fee award also fairly reflects the novelty and difficulty of the questions presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel litigated this matter on a contingency basis and expended significant hours and out-of-pocket expenses doing so.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of Plaintiffs' Motion for Attorneys' Fees and Expenses was made available to all class members who requested it. ECF Nos. 83 & 84. Class members were afforded an opportunity to comment or object to the fees request, and this Court held a hearing on it. No class member objected to the fee request.

Accordingly, the Court hereby **GRANTS** the Joint Motion for Final Approval of the Class Action Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses. The Court therefore approves and adopts the Consent Decree as the Order of the Court, orders the parties to comply with all its terms, and orders

Defendant to implement the Remedial Plan and accompanying policies pursuant to the schedule set forth therein.

**IT IS SO ORDERED.**

Dated:      March __, 2019

_____
The Honorable Robert M. Illman
United States Magistrate Judge