UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRIAN CHAVEZ, *et al.*,<br>　　　Plaintiffs,<br>　v.<br>COUNTY OF SANTA CLARA,<br>　　　Defendant. | Case No. 15-cv-05277-RMI<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES ANBD EXPENSES**<br><br>Re: Dkt. No. 79 |

This matter comes before the Court upon consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses. Having considered the briefing in support of the Motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the Motion.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of Plaintiffs' Motion for Attorneys' Fees and Expenses was made available to all class members. Class members were afforded an opportunity to comment or object to the Motion, and this Court held a hearing on the Motion.

After review of all briefing and evidence presented, this Court finds and concludes that the agreed-upon award of $1,600,000 is fair and reasonable, as is the agreed-upon compensation of $200,000 to monitor and enforce the Consent Decree and Remedial Plan. In this case, Plaintiffs sought to address deficiencies in medical, mental health, and dental care provided to prisoners in Defendant's jails, as well as non-mobility disability discrimination faced by the Class members. The Consent Decree does just that. It includes a 46-page Remedial Plan that requires Defendant to implement specific policies, procedures, and practices intended to ensure minimally adequate

healthcare and to guarantee that prisoners with non-mobility disabilities receive reasonable accommodations. It also includes a use of force policy and detailed policies governing the use of restrictive housing in Defendant's jails.

To get to this result, Plaintiffs devoted more than three years to litigating this case, meeting, corresponding with, and interviewing prisoners, reviewing and analyzing healthcare records, working with six neutral experts, inspecting the jail facilities, and meeting and negotiating with Defendant. The parties expended considerable time and resources negotiating the terms of the Consent Decree and Remedial Plan.

The fee request reasonably reflects the time and labor required to litigate this matter, and was calculated pursuant to the lodestar method; that is, Plaintiffs' counsel kept contemporaneous time records that detail all work completed, and to calculate the requested award Plaintiffs multiplied the number of hours actually worked by a reasonable hourly rate. Specter Decl., ¶ 10. Though counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. Specter Decl., ¶ 8; Santamaria Decl. ¶ 4; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original).

Courts have long recognized that the lodestar method of calculating fees is strongly presumed to be reasonable. *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

The agreed upon fee award also fairly reflects the novelty and difficulty of the questions presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel litigated this matter on a contingency basis and expended significant hours and out-of-pocket expenses doing so.

Accordingly, the request for $1,600,000 in attorneys' fees and expenses and compensation of $200,000 per year for monitoring and enforcement of the Consent Decree and Remedial Plan is approved as fair, adequate, and reasonable, and Plaintiffs' Unopposed Motion for Attorneys' Fees

and Expenses is GRANTED.

**IT IS SO ORDERED.**

Dated: March 20, 2019

ROBERT M. ILLMAN
United States Magistrate Judge