1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

BRIAN CHAVEZ, *et al.*,

Plaintiffs,

v.

COUNTY OF SANTA CLARA,

Defendant.

Case No.  15-cv-05277-RMI

**CONSENT DECREE**

**A.  INTRODUCTION**

1.      The parties to this Consent Decree are Plaintiffs Brian Chavez, Brandon Bracamonte, and the class and subclass of people they represent (collectively, "Plaintiffs"), on the one hand; and Defendant County of Santa Clara ("Defendant"), on the other hand. The parties enter into this Consent Decree to ensure the provision of constitutional medical, dental, and mental health care; to ensure non-discrimination for inmates with non-mobility disabilities; and to address use of force and restrictive housing in the Santa Clara County Jails.[1]

2.      Plaintiffs filed this action on November 18, 2015, and filed an Amended Complaint on January 20, 2016. The Amended Complaint alleges that Defendant fails to provide minimally adequate medical, dental, and mental health care to the people incarcerated in its jails; fails to prevent unnecessary and excessive use of force against inmates; imposes on inmates the harmful and excessive use of solitary confinement in violation of the Eighth and Fourteenth Amendments to

---

[1] For the purposes of this Consent Decree, references to the Santa Clara Jails include the Main Jail and Elmwood Correctional Complex and any new structures designated to house prisoners under the jurisdiction of the Santa Clara County Sheriff subsequent to the date of this Consent Decree.

the United States Constitution; and discriminates against inmates with non-mobility disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendant has denied liability. On September 20, 2016, the Court granted the parties' joint motion for class certification.

3.    The Plaintiff class consists of "[a]ll people who are now, or in the future will be, incarcerated in the Santa Clara County jails" and a subclass of "[a]ll people who are now, or in the future will be, incarcerated in the Santa Clara County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794."

4.    Before the initiation of this action, Defendant had hired six (6) experts to assess conditions at the Santa Clara County jails. Once the action was initiated and settlement discussions began, Plaintiffs and Defendant agreed that the already-hired experts were the appropriate ones to investigate and opine on the adequacy of dental, medical, and mental health care delivered in the Santa Clara County Jails, as well as the extent and propriety of uses of force against inmates incarcerated by Defendant and other issues raised by the action. The six experts were Todd Wilcox, M.D., as the expert on medical care; Bruce Gage, M.D., as the expert on mental health care; Jay Shulman, D.M.D., M.A., M.S.P.H., as the expert on dental care; Lindsay M. Hayes, M.S., as the expert on suicide prevention; Jeffrey Schwartz, Ph.D., as the expert for use of force in the jails; and James Austin, Ph.D., as the expert for the jail classification system.

5.    The experts conducted extensive tours and reviews of the jail facilities, policies and procedures, and interviewed staff and inmates. They drafted preliminary reports setting forth their findings and recommendations, and both parties were given the opportunity to review the reports and make comments. The experts thereafter submitted their final reports setting forth their respective findings and making recommendations for remedial action.

6.    With respect to alleged discrimination against inmates with disabilities and policies governing restrictive housing in the jails, the parties engaged in direct discussions without benefit or need of joint experts or expert reports or findings.

2

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.     The parties thereafter negotiated individual remedial plans pertaining to the matters alleged in the action and those individual plans have been incorporated into a single, global Remedial Plan, attached as Exhibit A.

8.     Each party to this Consent Decree was represented by counsel during its negotiation and execution. Plaintiffs and the Plaintiff class and subclass are represented by Donald Specter and Thomas M. Nosewicz of the Prison Law Office; Jessica Valenzuela Santamaria, Addison M. Litton, and Mark A. Zambarda of Cooley LLP; and Kendall Dawson Wasley. Defendant is represented by the Office of the County Counsel for the County of Santa Clara.

9.     Through this Consent Decree, Defendant agrees to implement the measures set forth in the Remedial Plan, subject to monitoring by the experts named in Section C below and Plaintiffs' counsel, negotiation between the parties, and if necessary, enforcement by the Court.

**B.  REMEDIAL PLAN**

10.     Defendant shall fully implement all of the remedial measures set forth in the Remedial Plan. The Remedial Plan is designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments, to ensure that unlawful force is not utilized in the jails, to avoid the unlawful use of segregated or restrictive housing in the jails, and to ensure compliance with the ADA and Section 504 of the Rehabilitation Act for inmates with psychiatric and/or intellectual disabilities.

11.     Defendant shall, in consultation and collaboration with Plaintiffs' counsel, develop or amend appropriate and adequate plans, policies, and practices to ensure compliance with the Remedial Plan. Defendant shall implement those plans, policies, and practices. At least 30 days prior to finalizing or implementing any new plans or policies developed to meet the terms of the Remedial Plan, Defendant will submit such plans or policies to Plaintiffs' counsel for their review and comments. Disagreements about the adequacy of such plans or policies shall be resolved pursuant to the dispute resolution procedure set forth in Paragraph 28, below.

12.     Not less than 90 days, and not more than 180 days, after this Consent Decree is approved by the Court, Defendant shall provide to Plaintiffs' counsel and the experts a Status Report stating whether it is complying with the terms of this Consent Decree. The Status Report shall

include a description of the steps that Defendant has taken to implement the Remedial Plan. Not later than the end of each subsequent 180-day period during the term of this Consent Decree, Defendant shall provide to Plaintiffs' counsel and the experts a Status Report addressing each item of the Remedial Plan and shall specify whether it believes it is or is not in substantial compliance with each component of the Remedial Plan.

## C.  EXPERTS

13.     The parties agree that Lisa Pratt, M.D., shall serve as an expert to advise the parties on the Defendant's compliance or non-compliance with various parts of the Remedial Plan, to assist with dispute resolution matters addressed in Paragraph 29, and to provide testimony, if required, in any proceedings before the Court. Dr. Pratt shall serve as the expert on medical and dental care. The parties agree that other experts are necessary to monitor mental health care, suicide prevention, and use of force. The parties agree to select mutually agreeable experts as soon as reasonably possible. Within 180 days after entry of this Consent Decree, and then every 180 days thereafter during the term of this Consent Decree, the experts shall each complete comprehensive reviews and reports ("180-Day Reports") to advise the parties and if necessary, the Court, on Defendant's compliance or non-compliance with the Remedial Plan.

14.     The 180-Day Reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process described below and shall be admissible in evidence in any proceedings before the Court.

15.     The experts shall be entitled to reasonable compensation, which shall be paid by Defendant.

16.     With appropriate notice, the experts shall have reasonable access to all parts of any Santa Clara County Jail, and such access to the facilities will not be unreasonably restricted. The experts shall have access to correctional and health care staff and inmates, including confidential and voluntary interviews as they deem appropriate. The experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the experts determine such access is needed to fulfill their obligations.

The experts' tours and review of documents shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

17.     The parties agree that they are each entitled to engage in ex parte communications with the experts. However, all of the experts' findings and recommendations shall be set forth in writing in their respective reports.

18.     If, for any reason, a designated expert can no longer serve or the parties wish to engage any additional expert(s), the parties shall attempt to agree on who shall be appointed to serve as a new or additional expert. If the parties are unable to agree, Defendant and Plaintiffs' counsel shall each nominate and submit two potential experts for the Court's consideration and selection.

**D.  NOTICE TO CLASS MEMBERS**

19.     Defendant shall post notices to class members of this action in a manner agreed upon by the parties. Such notices shall include a brief statement that includes a description of Plaintiffs' claims, the definition of the class and subclass, notice that the parties have entered into this Consent Decree, a description of the subject areas covered by the Consent Decree and Remedial Plan, and contact information for the Prison Law Office to allow inmates to contact Plaintiffs' counsel.

**E.  PLAINTIFFS' MONITORING AND ACCESS TO INFORMATION**

20.     Plaintiffs' counsel shall monitor Defendant's compliance with the Remedial Plan. Defendant shall provide Plaintiffs' counsel with all such access to Santa Clara County Jail facilities, documents, records, and staff that Plaintiffs' counsel believes in good faith is necessary to monitor Defendant's compliance with the Remedial Plan subject, where applicable, to the protective order agreed upon by the parties, entered by the Court on March 15, 2016. From and after the date this Consent Decree is entered by the Court, Defendant shall provide Plaintiffs' counsel with access to such information within 21 calendar days of their request. If Defendant believes that the information requested by Plaintiffs is not necessary to monitor compliance with the Remedial Plan, the parties shall engage in the dispute resolution process described in Paragraph 28, below, before seeking any relief from the Court.

21.     With reasonable notice to Defendant, Plaintiffs' counsel and their consultants shall be permitted the opportunity to conduct tours of the Santa Clara County Jails for the purpose of

United States District Court
Northern District of California

monitoring compliance with the Remedial Plan at reasonable intervals but not less than three per year.

22.     Monitoring tours shall include reasonable access to all of the jail facilities, including all housing units, facilities where health care services are provided, facilities where inmates with disabilities are or may be housed and provided programming, and any other facilities where services are provided pursuant to the Remedial Plan. During the tours, Defendant shall make available for interview any supervisory, clinical, custodial, and program staff that have direct or supervisory responsibility for health care and disability accommodations. Defendant shall provide a Sheriff's Office contact person to ensure cooperation of institution staff with Plaintiffs' counsel in obtaining information they request during the tours. However, Defendant's counsel shall be present during staff interviews, and staff may decline to participate in any interview conducted by Plaintiffs' counsel. During the tours, Defendant shall permit and facilitate Plaintiffs' counsel having confidential and voluntary discussions with any inmate identified by Plaintiffs' counsel. Upon request by Plaintiffs and pursuant to the protective order entered in this case, Defendant shall make available for inspection and/or copying the health care and/or custody files of specified inmates. Disputes that may arise over Plaintiffs' counsel's access to jail information or personnel shall be addressed in the first instance by the dispute resolution process set forth in Paragraph 28, below, before the parties may seek relief from the Court.

23.     If Plaintiffs form the good faith belief that Defendant is not substantially compliant with any component of the Remedial Plan, Plaintiffs shall so inform Defendant and any relevant expert of the alleged noncompliance and identify the component of the Remedial Plan alleged to be noncompliant.

24.     Defendant shall investigate the alleged noncompliance and provide Plaintiffs with a response in writing within 30 calendar days. Either party shall have the option of requesting an investigation and opinion from the relevant expert.

25.     Plaintiffs' counsel retain the ability to interview their clients pursuant to regular attorney-client visiting procedures established by the Sheriff's Office. The parties will establish an efficient means to allow Plaintiffs' counsel to interview clients and conduct confidential telephonic

interviews with individual inmates, with reasonable notice, in a manner that does not disrupt jail operations.

26.     Plaintiffs' counsel shall be allowed to send postage pre-paid envelopes to their clients in the Santa Clara County Jails.

**F.  INDIVIDUAL ADVOCACY**

27.     Plaintiffs may bring individual inmates' health care, use of force, restricted housing or disability accommodation concerns to the attention of Defendant's counsel, or their designees, who shall respond in writing within 14 days.

**G.  DISPUTE RESOLUTION**

28.     If a dispute arises about compliance with the Remedial Plan, the parties shall meet and confer in an attempt to resolve the dispute. If that process is not successful, either party may seek to mediate the dispute with the assistance of Magistrate Judge Cousins or if he is unavailable another magistrate judge or mediator.

**H.  ENFORCEMENT**

29.     The Court shall retain jurisdiction to enforce the terms of this Consent Decree and shall have the power to enforce the agreement through specific performance and all other remedies permitted by law until Defendant fulfills its obligations under this Consent Decree.

**I.  DURATION AND TERMINATION**

30.     This Consent Decree shall remain in effect until Defendant is in substantial compliance with the Remedial Plan for one year. Upon agreement of the parties, that Defendant is in substantial compliance with any of the medical, mental health, suicide prevention, disability, use of force, or administrative management plans, or any part of such plans, Defendant shall begin to self-monitor that plan or part of such plan. If after one year of self-monitoring, Defendant is still in substantial compliance with that part of the Remedial Plan, it shall be subject to termination.

**J.  COSTS AND FEES**

31.     The parties agree that, by entry of this Consent Decree, Plaintiffs shall be considered the prevailing party in this litigation. Subject to Court approval, Defendant has agreed to pay Plaintiffs' counsel $1,600,000 as their reasonable attorney's fees, costs, and expenses

United States District Court
Northern District of California

incurred from the date of filing of the Complaint in this action through final court approval of this Consent Decree.

32.     Plaintiffs' counsel shall be compensated $200,000 per year for their reasonable time and reasonable expenses (the sum of which includes the costs of any consultants Plaintiffs may reasonably retain) relating to monitoring this Consent Decree and Remedial Plan, including any reasonable time and expenses incurred in connection with the resolution of any dispute pertaining to such monitoring. Two years after the approval of this Consent Decree, Plaintiffs may request that the annual attorney's fees and expenses should be increased. That request shall be subject to the dispute resolution process, and, if necessary, resolution by the Court. The yearly cap on fees and expenses described in the previous sentence shall not apply to any fees and costs that Plaintiffs may incur in enforcing or defending the Consent Decree and the Remedial Plan in court.

**K.  EFFECT OF CONSENT DECREE IN OTHER ACTIONS**

33.     Neither the fact of this Consent Decree nor any statement of claims contained herein shall be used in any other case, claim, or administrative proceedings, except that Defendant and its employees and agents may use this Consent Decree and any statement contained herein to assert issue preclusion or *res judicata*.

**L.  LIABILITY AND NECESSITY FOR RELIEF**

34.     The parties agree for the purpose of this lawsuit only that the relief contained herein is narrowly drawn, extends no further than necessary to correct the violations of the Federal rights at issue, and is the least intrusive means necessary to correct the violations of the Federal rights.

//
//
//
//
//
//
//
//

**ORDER**

The Court, having considered the foregoing stipulated Consent Decree and the record in this case, hereby approves and adopts the Consent Decree as the Order of the Court and, in so doing, finds that the relief contained herein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge

By their signatures below, the Parties respectfully consent to the entry of this Consent Decree.

Dated:  March 18, 2019                    PRISON LAW OFFICE

                                          By:  */s/ Donald Specter*
                                          DONALD SPECTER
                                          THOMAS M. NOSEWICZ

                                          *Attorneys for Plaintiffs*

Dated:  March 18, 2019                    COOLEY LLP

                                          By:  */s/ Jessica Valenzuela Santamaria*
                                          JESSICA VALENZUELA SANTAMARIA
                                          ADDISON M. LITTON
                                          MARK A. ZAMBARDA
                                          3175 Hanover Street
                                          Palo Alto, CA 94304
                                          Telephone: (650) 843-5000

                                          *Attorneys for Plaintiffs*

United States District Court
Northern District of California

1   Dated:  March 18, 2019                    KENDALL DAWSON WASLEY

2                                             By: */s/ Kendall Dawson Wasley*
                                              KENDALL DAWSON WASLEY
3                                             PMB 233
                                              1520 E. Covell Blvd.
4                                             Davis, CA 95615
                                              Telephone: (408) 827-5024
5
6                                             *Attorneys for Plaintiffs*

7   Dated:  March 18, 2019                    JAMES R. WILLIAMS
                                              SANTA CLARA COUNTY COUNSEL
8
9                                             By: */s/ Aryn Paige Harris*
                                              ARYN PAIGE HARRIS
10                                            DEPUTY COUNTY COUNSEL

11                                            *Attorneys for Defendant*
                                              County Of Santa Clara
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28