Howard Herships
P.O. BOX 1501
Carmichael, Ca 95609-1501
415 933 5190
Email: hherships@gmail.com

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, On behalf of themselves and all other similar situated,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendants, | Case No.1:15-CV-05277-RMI<br><br>NOTICE OF MOTION & MOTION TO INTERVENE PURSUANT F.R.C.P. RULE 24 AND DECLARATION IN SUPPORT TO BRING A MOTION FOR CONTEMPT AND REMOVE CLASS COUNSEL BY ORDERING A REFERAL TO NORTHERN PRO BONO PANEL FOR APPOINTMENT OF NEW CLASS COUNSEL<br><br>Date Sept 7, 2021<br>Time: 11:00 A.M.<br>Place: Eureka |

PLEASE TAKE FURTHER NOTICE that on Sept. 7, 2021 at 11:00 A.M. Intervener Howard Herships, will be moving the above entitled Court in Eureka-McKinleyville Courthouse 3140 Boeing Ave Mc Kinleyville, CA 95519 that Intervener Howard Herships will be moving this Court to intervene in this case and request that this Court to remove Class Counsel and requesting that this Court make a referral to the Northern District Pro Bono Panel for assignment of a new Class Counsel which is already funded at the rate of $200,000 annually by the Santa Clara County to monitor and enforce the injunction by this Court in the Chavez case.

PLEASE TAKE FURTHER NOTICE that Absent Class Member Herships' proposed motion for civil contempt against the Santa Clara County is also filed simultaneously showing that the Injunction issued by this Court on March 20, 2019, and has never been implemented.

The Americans with Disability Act is violated on a daily basis as well as never providing medical evaluation of prescription items of inmates, and never proving medication in a timely manner required by the medication as well as the Remedial Plan.

Dated August 17, 2021

Howard Herships

TABLE OF CONTENTS

| | PAGE[S] |
|---|---|
| Table of Authorities | i-ii |
| Notice of Motion | 1-2 |
| Statement of Case | 3-8 |
| Memorandum In Support | 9-19 |
| Declaration in Support | 20-22 |
| Certificate of Service By Mail | 24 |

# POINTS AND AUTHORITIES


| | PAGE[S] |
|---|---|
| CASES | |
| Accord Forest Conservation Council v. U.S. Forest Serv. 66 F. 3rd 1489 (9th Cir 1995) | 14 |
| Balanced Use v. Montana Wilderness Ass'n 647 F.3rd 893 (9th Cir 2011) 160 | 10 14 |
| California ex rel Lockyer v. United States 450 F.3rd 436 (9th Cir 2006) | 15 |
| Freedom from Religion Found vs. Geithner 644 F.3rd 836 (9th Cir 2011) | 10 |
| League of United Latin Am Citizen v. Wilson 131 F.3d 1297 (9th Cir 1991) | 11 |
| Smith v. Los Angeles Unified Sch Dist. 830 F.3rd 843 (th Cir 2016) | 11 |
| Trbovich v. United Mine Workers of Am 404 U.S. 528 | 16 |
| Southwest Center for Biological Diversity v. Berg 286 F 3rd 810 (9th Cir 2001) | 15 |
| United States v Alcan Aluminum, Inc 25 F.3rd 1174 (3rd Cir 1994) | 11 |
| United States v. Oregon 745 F.2nd 550 (9th Cir 1984) | 11 |
| U.S.C. | |
| 18 U.S.C. § 401 | 12 |
| Federal Rules of Civil Procedure | |
| Rule 23 (a) (4) | 9, 12 ,13 &17 |
| Rule 23 (c) (2) | 12 |
| Rule (g) (1) (A) | 9, 12,13 & 17 |
| Rule 24 (a) | 10 |

POINTS AND AUTHORITIES

PAGE[S]

Federal Regulations
28 CFR § 35.160 8

## Statement of Case

This motion is brought pursuant to Federal Rule of Civil Procedure 24. As more fully set forth in the accompanying memorandum, the grounds for the motion are: (1) the motion is timely; (2) HOWARD HERSHIPS, was incarcerated in the Santa Clara County Jail from Jan. 8, 2020 through March 27, 2020 had significant protectable interests in the injunction issued in Chavez vs. Santa Clara County; on March 20, 2020 by this Court: (3)

Those interests included the right under the Americans with Disability Act to be free from discrimination as a disabled individual who has hearing impairment and needs assisted listening devices to obtain a major life activity of hearing. Defendant County refused to release intervener's Hearing Aids which were required by Remedial Plan at Page 2 under 28 CFR § 35.160 et. Seq.

These failure by the Defendant County knowingly knew that by denying intervener's his Hearing Aids would deny `meaningful access' to state-provided services" legal representation in a criminal case. These acts were done not only in violation of the Americans with Disability Act, but also in violation of the Injunction issued in Chavez vs. Santa Clara County.

(4) Defendant County of Santa Clara by taking these actions knew that intervener Herships a disabled individuals for their disabilities knew that intervene Herships had Court appearances which required the ability to communicate with both the Court and legal counsel which were guaranteed by the Federal Constitutional Rights.

The defendant County acts here constitute a "deliberate indifference with "knowledge that a harm to a federally protected right is substantially likely, and this failure to act upon that likelihood" this denial would result in a denial of legal representation in a criminal a violation, which occurred in Updike vs. Multnomah County 870 F.3rd 939 at Footnote 5, (9th Cir 2017).

These acts here were done in not only in violations of Federal Law Title II of the ADA and Section 504 of the Rehabilitation Act of 1973. It was also in violations of the Injunction issued in Chavez vs. Santa Clara County, a willful violations of a Federal Court Order Title 18 U.S.C. § § 401-402.

5. Defendants County of Santa Clara also violated the Remedial Plan/Injunction in providing medical treatment as intervener Herships has type 2 diabetes and for over 20 years has controlled intervener's A1C levels by medication take prior to meal consumption. However, Defendant County was required under the federal injunction to provide the following medical treatment;

> "d. ACHS shall create a comprehensive diabetic management Protocol in coordination with Custody staff that addresses normal circadian rhythms, standardized food consumption times, and insulin dosing times." Page 14 Remedial Plan.

Defendant County at no time provided intervener with diabetic medication at or prior to food consumption and as direct result intervener's blood sugar meter readings were over 200 on a daily basis.

6. Defendant County of Santa Clara also failed to give notice to the absent class members of the Chavez Consent Decree/Remedial Plan/injunction required by Consent Decree page 6 at ¶ 19 and Rule 23 (c) (2) F.R.C.P.

This willful concealment by Defendant County actually continues all done to prevent implementation of the Remedial Plan/Injunction.

The current absent class members being "all future inmates of the Santa Clara County Jail" do not have a "fair and adequate representation" within the meaning of F.R.C.P. Rule 23 (a)(4) and Rule (g) (1) (A) in this case.

This because these inmates are currently confine in the Defendant's County Jail and have no knowledge of the Consent Decree, or its terms and the name of Class Counsel and how to contact them.

This creates a scenario where the Defendant County can total ignore implementing the provisions of the injunction issued by the District Court simply because Santa Clara County blocks any and all notices of the Consent Decree/Remedial Plan its content and just who are the class counsel to all absent class members some 250,000 inmates annually who pass through the county jail in Santa Clara County.

Under this scenario there no prospect of monitoring or enforcement of the District Court injunction as can be shown as nothing has been done in over two years since the approval of the consent decree by this Court.

This Court approved of the Consent Decree/Remedial Plan on March 20, 2019, which had to be implemented within 180 days of that date, which has pasted and now some two later after intervener upon release from the Santa Clara County Jail discovered the Consent Decree and files this Motion to intervene and seek a motion for Contempt of Court and moves for removal of Class Counsel and request a referral to Northern District Pro Bono Panel for appointment of attorneys to represent the Absent Class Members.

This is further compounded by the undisputed facts that Class Counsel posted that they have no intentions of enforcing the consent decree as posted on the Prison Law Office's webpage.

This Court issued its Order providing Class Counsel $200,000 annually to monitor the Consent Decree/Remedial Plan in the Chavez case and there has never been monitoring for some

2 years and these payments can be used to be paid to new legal counsel who wants to enforce the injunction issued by this Court.

Remedial Plan has never been implemented.

The clearly, established United States Supreme Court Law requires inmates Incarcerated to be provided access to Court:

> "Moreover, our decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. States must forgo collection of docket fees otherwise payable to the treasury and expend funds for transcripts."
> Bounds vs. Smith Page 430 U. S. 825 (1977).

Defendant Santa Clara County does not provide these services and actually blocks all inmates' access to court by denying these services.[1]

Additionally, Intervener also request leave of this Court to Move for Contempt of Court pursuant to Title 18 U.S.C. § 401 against the County of Santa Clara.

In fact, Intervener during his incarceration first hand observed additional violations when an inmate was booked into the County Jail on Feb 21, 2020, who serious medical conditions and was never treated by a medical doctor and died in his cell on Feb 25, 2020.

The Consent Decree/Remedial Plan/Injunction issued here was to ensure that inmates in the Santa Clara County Jail are provided access to medical treatment as required by the Remedial Plan by being seen by a medical Doctor.

[1] In fact, when the defendant County refused to release intervener's hearing Aids under 28 CFR § 35.160 et seq. intervener filed a writ of mandamus into the Sixth Appellate District regarding the denial of Hearing Aids and the Court issued a order requiring response from Real Party in Interest and gave Petitioner 15 days to file a reply, but the County refused to deliverer the Court's Order preventing all access to the Court

In fact, intervener Herships witness an inmate Alan Hata died in cell because the County refused to provide medical evaluation by Doctor during the night of Feb 25, 2020, as inmate Hata was never seen from being booked into the County Jail on Feb. 21, 2020, and what preexisting condition that need medical attention.

Intervener has medical conditions as reported upon being booked into the Santa Clara County Jail and never saw a doctor from Jan 8, 2020 until mid March 2020.

Petitioner was denied proper footwear for a diabetic, proper timing of taking the medication prior to food consummation, which was required under the Remedial Plan at page 14 ¶ d.

In fact, Petitioner had to have surgery from an injury sustained while being transported in the Sheriff's Van on January 8, 2020, when the Van had no seats and no seat belt restraining system required by Federal Regulations for Vans 49 C.F.R. 571.208.

When the Santa Clara County Jail Van driving on the freeway in order to avoid a collision had to break sharply intervener was slammed into the bulkhead of the van and suffered injury to intervener's left wrist/hand.

The County refused all treatment and upon released from the County Jail intervener had to have surgery on his left wrist/hand.

Intervener, bring this Motion to stop these abuses of an injunction issued by this Court by both the defendant Santa Clara County as well as Class Counsel who has done nothing to represent the absent class members and as no intentions to do so.

Intervener Herships upon being released from the Santa Clara County Jail on March 27, immediately, sought medical attention at the San Francisco VA and was treated for excess heart rate and various other ailments.

In fact, because of the ongoing pandemic Intervener was finally cleared for surgery and had his final surgery April 8, 2021.

Intervener now brings this Motion to address these issues that the Absent Class Members have no prospect of monitoring or obtaining enforcement for proper medical treatment and compliance of ADA requirements for inmates with disabilities.

Additionally, because custom, policy as well as the practices of Santa Clara County Sheriff's Department are to deny inmates all supplies to petition the courts for relief.

MEMORANDUM IN SUPPORT

BACKGROUND

I. The Instant Case

On March 20, 2019, this Court approved a Consent Decree/Remedial Plan in the Chavez vs. Santa Clara County and issued an injunction requiring Santa Clara County to set up risk protocols for medical treatment which requires consultation with a provider, (Medical Doctor), Remedial Plan page 13.

Additionally, the Remedial Plan also required that diabetics required that the medication must be provided prior food consummation. Remedial Plan page 14 at ¶ d.

These provisions were never implemented by Defendant County as the supporting declaration on Intervener Herships states.

Additionally, the Remedial Plan approved by this Court required that Santa Clara County must comply with the Americans With Disability Act allow inmates who have their own Hearing Aids possession of those hearing aids pursuant to 28 CFR § 35.160 et seq.

Intervener Herships was denied medical attention by a doctor from Jan 8, 2020, through Mid March 2020, for treatment of injuries suffered while being transported by the Santa Clara County Sheriff's Dept on Jan 8, 2020, when the Van had to break sharply and intervener Herships was thrown up against the van's bulkhead and suffer injuries to his left wrist/hand.

Additionally, the Consent decree required that Class Counsel and the County agreed to give notice of the Consent Decree, its terms and to provide the names of Class Counsel and how to contact Class Counsel, see Consent Decree page 6 at ¶ 19.

This was never done and as such there are no possibilities for any monitoring or for that matter no ability to bring enforcement action against the County for violation of the issued injunction, which are being done on a daily basis.

These violations are done solely because Class Counsel has no intentions of monitoring of the absent class members as there has been no notices given that there is even a Consent Decree/Remedial Plan in effect.

Under these conditions the Absent Class Members are being denied both "Fair and Adequate representation" of the Absent Class Members in violation of F.R.C.P. Rule 23 (a) (4) and Rule (g) (1) (A) as clearly, the Absent Class Members have no knowledge of the Consent Decree/Remedial Plan or even notice of the Class members or no notice of the Class Counsel and how to contact them.[2]

In fact, upon intervener's release in early April of 2020, intervener discovered the about the Consent Decree and class counsel informed intervener that they have no intentions of representing the Absent Class Members see Declaration of Intervener at ¶ 3.

[2] To show the intentions that Class Counsel has zero intentions of monitoring the injunction issued by the this Court all one has to do is read the Posting on the Prison Law Office web page "[D]ue to the large number of inquiries, we cannot accept telephone calls from incarcerated people and their families.]" In fact after the initial posting of Notice prior to the this Court's approval the Prison Law Office decided not to prove notice to the absent class members so that there would be no notices provided stop all calls to Class Counsel.

APPLICABLE LAW

With respect to intervention as of right,

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a).

> An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011). "[T]he requirements are broadly interpreted in favor of intervention." Id. With respect to permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b) (1). Thus, "permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011).

A. The Motion is Timely "Timeliness is determined by the totality of the circumstances facing would-be intervenors [,]" Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 854 (9th Cir. 2016), which is a "nuanced, pragmatic approach[.]" League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1303 (9th Cir. 1997). See also United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984) (listing the three timeliness factors:

(1) The stage of the proceeding; (2) the prejudice to other parties, and (3) the reason for and length of the delay; and finding district court abused its discretion in denying intervention in fifteen year-old litigation where litigant's actions and court order implicated changed circumstances); see also United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1182-83 (3d Cir. 1994) (finding intervention in four-year-old litigation timely where intervention was after intervener became aware of its interests were imperiled). Here, the stage of the proceeding is some 2 years since the Court permanently enjoined the County of Santa Clara from doing these acts.

"[I]n analyzing the 'stage of the proceedings' factor, the mere lapse of time alone is not determinative." Smith, 830 F.3d 843 at 854 (9th Cir 2016). Rather, "[w]here a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." Id. (citation omitted). The change in circumstance, and sole reason to intervene, is that intervener Herships has just learned of the existence of the Chavez Consent Decree in April of 2020, and contacted Class Counsel who refused to represent the Absent Class Members after informing Class Counsel of the daily violations of the remedial plan by Santa Clara County.

Additionally, here Defendants County of Santa Clara cannot take advantage of their own wrong by denying the Absent Class Members the knowledge of Consent Decree/Remedial Plan as well as deny even the names of Class Counsel and all means of communication with Class Counsel denying any and all means to monitor or enforce the consent decree/Remedial Plan/ injunction.

There is no prejudice to the other parties as intervener Herships seeks the following two remedies from this Court.

Moves this Court for intervener Herships to file a Notice of Motion for Contempt of Court under Title 18 U.S.C. § 401 against Santa Clara County for violations of federally issued injunction by this Court.

Intervener Herships also moves this Court for an order removing Class Counsels in this case as who have no intentions of monitoring or enforcement of the injunction and have so informed intervener Herships.

This is because Class Counsels has either agreed with County Counsel not to give notice to the Absent Class Members, or has just secede not to proceed in monitoring the compliance by Santa Clara County as there has been notice posted in the Santa Clara County Jail of the Chavez Consent Decree and just who is Class Counsel and its terms.

The Consent Decree page 6 at ¶ 19 requires said notice as well as Rule 23 (c) (2) of F.R.C.P.

These failures violates both "Fair and Adequate Representation" of the Absent Class Members under Rule 23 (A) (4) and Rule 23 (g) (1) (A).

According from the Santa Clara County Sheriff's Office web page the number of inmates that pass through the Santa Clara County Jail are some 250,000 annually.

Intervener Herships moves this Court to remove the current Class Counsel and make a referral to the Pro Bono Panel of the Northern District Court to appoint legal counsel to represent the Absent Class members as currently there is no representation in the meaning of F.R.C.P. Rule 23 (a) (4) and Rule 23 (g) (1) (A).

There is full funding for payment for this representation as this Court ordered payment of $200,000 annually by Santa Clara County to Class Counsel to monitor the injunction issued in Chavez case and currently there is no monitoring by Class Counsel.

Moreover, the injunction which was issued was to protect inmates from violations of Federally secured Civil Rights under both the Americans With Disability Act as well as under Title 42 U.S.C. § 1983 i.e. proper medical treatment.

Santa Clara County at all times has refused to enforce those federally protected rights and the County violates those rights on a daily basis.

Intervener Herships seeks to enforce those rights under Title 18 U.S.C § 401 via a motion for contempt against Santa Clara County as Intervener Herships was a Member of the Class from Jan 8, 2020, through March 27, 2020 (until 2:00 A.M.) in the morning when Santa Clara County resulted to comply with the injunction issued by this Court.

B. Incarcerated Individuals Located in the Santa Clara County Jail Have Significant Protectable Interests under Federal Law under the ADA and not to be deprived of medical treatment under both the Eight and Fourteenth Amendments as required under the injunction issued by this Court.

"To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue."

Citizens for Balanced Use, 647 F.3d 893 at 897 (9th Cir 2011).

The Absent Class Members have Federal Right rights under ADA not to be discriminated against due to their disabilities.

Secondly, the Absent Class Members have a right Federal Constitutional Right under the Eighth Amendment prohibits cruel and unusual punishments by denying medical treatment to inmates via the Fourteenth Amendment.

Here the Remedial Plan provides for treatment by a medical doctor, which on daily basis is not done by Santa Clara County Jail.

In fact intervener Herships observed an inmate who had serious medical condition who was booked into the Santa Clara County Jail on Feb 21, 2020 and was never seen by a medical doctor and went untreated until his death on Feb 25, 2020, in his cell.

Moreover, intervener Herships had numerous medical conditions and also suffered a injury to his left wrist and hand while being transported by the Santa Clara County Sheriff's Department when the van had to Brake sharply and with no seat belt system intervener struck the Van's bulkhead at 70 miles an hour causing serve injury to his left wrist and hand which required surgery upon release from the Santa Clara County Jail.

The Santa Clara County refused medical treatment for the injury.

Thus, Interveners' have a practical interest in this case, while intervention will obviate needless litigation in this Court and will allow a voice to be given to the incarcerated individuals in the Santa Clara County Jail. Accord Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (abrogated on other grounds) ("By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify

future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.").

C. The Disposition of this Action Could Impede Ability to Protect the Absent Class Members "all Future Inmates of the Santa Clara County Jail rights under the injunction issued against the County of Santa Clara County.

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001). The Ninth Circuit has stated: "[h]aving found that appellants have a significant protectable interest, [the Circuit had] little difficulty concluding that the disposition of th[e] case may, as a practical matter, affect it." California ex rel. Lockyer v. United States, 450 F.3d 436, 442 (9th Cir. 2006).

All Future Inmates of the Santa Clara County Jail are affected in a very real sense by this Court's injunction as the County of Santa Clara must provide medical treatment by a doctor for medical conditions.

Additionally, the County must comply with the ADA requirements for individuals who have disabilities under the ADA.

By not providing Notice of the Consent Decree and its terms as well as the name of class Counsel and how to contact them leaves all Absent Class Members effectively denied this Court's injunction and no way to enforce its terms.[3]

These failures to give notice of the Injunction against the County Jail system in Chavez vs. Santa Clara County deprives the Absent Class Members the benefits of the Injunction and the rights the flow both the ADA and proper medical treatment required by the issued injunction.

---

[3] The Santa Clara County Jail has no access to a law library, no access to a photo copier, no pens are allowed, no paper to even do a motion, no staples, way to do research.

D. The Parties Do Not Adequately Represent the Interests of the Incarcerated Individuals In the Santa Clara County Jail:

As a threshold matter, the fourth element of Rule 24(a) intervention requires only a "minimal" showing that existing parties' representation "may be" inadequate." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n. 10 (1972). In evaluating adequacy of representation, courts examine three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervener would offer any necessary elements to the proceeding that other parties would neglect." Citizens for Balanced Use, Supra, 647 F.3d at 898.

Here, all three factors militate towards finding inadequacy of representation. First, All Future Inmates of the Santa Clara County Jail are already a certified class, in the issued injunction.

However, there are no notices posted to inform the class members of the existence of the Class or its terms.

In fact, the Consent Decree at page 6 ¶ 19 requires that Class Counsel is required to post notices to class members "in a manner agreed upon by the parties"; however this was never been done.

As such the Absent Class Members being all future inmates of the Santa Clara County Jail have no prospect of obtaining compliance of their rights under the issued injunction.

This is because Class Counsel refuses to post notice because they have no intentions of Representing the absent class members as certified by this Court.

This can be proven by the posting on the Prison Law Offices web page "**[D]ue to the large number of inquiries, we cannot accept telephone calls from incarcerated people and their families.**"

The Prison Law Office decided that if they do not post the existence of the Consent Decree then they would not have to respond to the Absent Class Members and the injunction will just fade away.

Absent Class Members has no legal representation in this Class Action within the meaning of Rule 23 (a) (4) and Rule 23 (g) (1) (A) as nothing has been filed with this Court in over two years.

What is most troublesome here is that Santa Clara County has never implemented any of the medical provisions of the Remedial Plan nor has Santa Clara County comply with the ADA statutory provisions.

WHEREFORE, intervener Herships moves this Court to remove the current Class Counsel and make a referral to the United States District Northern District of California Pro Bono Panel for appointment of legal counsel to represent the Absent Class Members as currently there is no legal representation by the current Class Counsels who have failed to even give notice to the Absent Class Members, which prevents any and all ability to monitor/enforce the injunction on behalf of the Absent Class Members i.e. all future inmates of the Santa Clara County Jail.

Dated Aug. 16, 2021

________________

Howard Herships

DECLARATION IN SUPPORT

I declare as follows:

1. That if called to testify I can do so based upon personal knowledge.

2. That I was incarcerated in the Santa Clara County Jail from Jan 8, 2020, through March 27, 2020, released at 2:00 A.M. and with no transpiration available and during a pandemic.

3. That at no time was any notice of the Consent Decree/Remedial Plan posted in the Santa Clara County Jail or the any information as to who was Class Counsel or how to communicate with Class Counsel.

4. That upon booking into the Santa Clara County Jail on Jan 8, 2020, I was denied possession of my Hearing Aids, which are necessary to effectively communicate a life requirement.

5. That I also informed the Booking personal that I as injured during my transportation in the Santa Clara County Van when the Van had to sharply brake to avoid a collision and was thrown against the van bulkhead at 65 plus miles per hours as the van had no seats or seat blet restrain system in violation of Federal Regulations.

6. My injuries were to my left Wrist/Hand, which the Santa Clara County refused to treat.

7. That upon my release I sought treatment and was operated upon to correct the injury at U.C. Davis.

8. That I also informed staff upon booking that I have type 2 diabetics have been treated by medication taken prior to meal.

9. That by taking metformin prior to meals I was able to maintain my A1C between 6.7-7.3 levels.

10. That at no time from Jan 8, 2020 through March 26, 2020 was I have provided my medication prior to meals causing my blood meter readings well over 200.

11. That I also observed that an inmate Alan Hata who was booked into the County Jail and in wheelchair on Feb 21, 2020, and placed in placed in the very same unit I was in.

12. Alan Hata never has seen by a Medical Doctor for treatment and an evaluation of his medical condition died in his cell some three cells from me during the evening of Feb. 26-27, 2020 a violation of the Remedial Plan.

13. Upon my release I first discovered that an Injunction was issued against Santa Clara County in the Chavez vs. Santa Clara County.

14. That I then contacted the Prison Law Office by phone call and there was an answering machine with no capability to leave a message.

15. That I then sent an Email to the prison law office regarding the violations of the injunction issued by this Court and never received any response.

16. I then contacted the Cooley Firm and actually spoke to attorney Santamaria to inform her about the violations by the Santa Clara County and was informed that they are not interested in the violations and will not take any action against the County.

17. I then contacted attorney Wasley by telephone and was given the very same response.

18. I followed those responses with Emails to both attorneys to confirm those responses and never received any reply.

19. That the policy, custom and practices of Santa Clara County is to deny all inmates in the County Jail any and all ability to petition the Courts both State and Federal to contest conferment and the conditions of confinement in the Court Jail.

20. This done by not having a law library or other means for researching the law and preparing a complaint/writ.

21. Santa Clara County accomplishes this by prohibiting California Judicial Council form for habeas corpus as well as Federal Habeas Forms because they contain staples, which are prohibited by Santa Clara County Jail Rules.

22. That in addition to those rules Jail rules prohibits Pens, no photo coping, no ability to obtain legal research in any meaningful way, does not provide mailing addresses to the Court, will not pay for mailing over 1 ounce to the courts, will not permit court mail coming from the Courts to the inmates.

23. These policies include that the Santa Clara County has blocked the notice of the class action consent decree/remedial Plan and issued injunction in the Chavez Consent Decree.

24. That this was done and is being done in a concerted effort to block all access to monitor the violations of the Consent Decree/Remedial Plan by Santa Clara County.

25. That these acts prevent and stops all ability to monitor and enforcement of the injunction, which requires removal of the Class Counsel and requires this Court refer this case to the Pro Bono Panel of the Northern District for appointment of new class counsel to monitor the injunction of this Court as current Class Counsel has no intentions of doing so and has not done so in more than two plus years.

I declare under penalty of perjury that the foregoing is true and correct.

Dated Aug 16, 2021

At Sacramento County

Howard Herships

Howard Herships

# CERTIFICATE OF SERVICE by MAIL

I declare as follows:

That I placed the Motions to Intervene and Motion for Contempt of Court in a sealed envelope addressed to the following addresses:

DONALD SPECTER
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710

JESSICA VALENZUELA SANTAMARIA
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

KENDALL DAWSON WASLEY
1520 E. Covell Blvd. PMB 233
Davis, CA 95615

JAMES R. WILLIAMS, County Counsel
70 West Hedding Street, East Wing,
Ninth Floor
San Jose, California 95110-1770

I then took those envelopes to the United States Post Office in Sacramento County and fully paid first class postage on Aug 19, 2021 for delivery to those addresses.

Dated Aug. 19, 2021

Howard Herships