UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRIAN CHAVEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant. | Case No.  15-cv-05277-RMI<br><br>**ORDER ON MOTIONS TO INTERVENE AND CIVIL CONTEMPT**<br><br>Re: Dkt. Nos. 116, 117 |

Now pending before the court in this class action case are two motions filed *pro se* by Mr. Howard Herships – a Motion to Intervene (dkt. 117) and a Motion for Civil Contempt (dkt. 116). This case involves a certain class of Plaintiffs (persons who were, or will be, county jail inmates during certain time periods) and the County of Santa Clara regarding: the provision of constitutional medical, dental, and mental health care; the unnecessary or excessive use of force against jail inmates; the excessive use of solitary confinement; and discrimination against inmates with certain non-mobility disabilities. *See* Consent Decree (dkt. 109) at 1-2. The case was certified as a class action in September of 2016 (dkt. 34), the matter was settled in October of 2018 (dkt. 73), the Consent Decree and Remedial Plan were entered in March of 2019 (dkt. 109), and the case was thereafter administratively closed (dkt. 110), while the court retained limited jurisdiction for a limited period of time for enforcement purposes. *See* Consent Decree (dkt. 109) at 7.

## BACKGROUND

Mr. Herships claims that he was incarcerated at the Santa Clara County Jail from January of 2020 until March of 2020, and that during this period, he was denied access to his hearing aids and his diabetic medication prior to meal consumption. *See* Intervention Mot. (dkt. 117) at 6-7.

1  Mr. Herships further contends that the County of Santa Clara is ignoring the Consent Decree and
2  Remedial Plan by not providing class action notice inside the jails; he also contends (without
3  much explanation) that class counsel should be removed from this case and replaced by a "referral
4  to [the] Northern District Pro Bono Panel." *Id*. at 6-8. Mr. Herships' Motion purports to be
5  brought on behalf of himself, as well as others in his situation (which he refers to as the other
6  "absent class members."). *Id*. at 8-11. Mr. Herships' other motion seeks a finding of civil
7  contempt against the County of Santa Clara for a litany of reasons including: the alleged denial of
8  hearing aids and diabetes medication; an injury that Mr. Herships contends he suffered inside a
9  vehicle operated by the jail during transport; and, the purported denial of certain notices to himself
10 and other "absent class members." *See* Contempt Mot. (dkt. 116) at 3-5. Further, Mr. Herships
11 expresses generalized dissatisfaction with class counsel by speculating that "the Prison Law Office
12 agrees to allow the County of Santa Clara not to provide Notice . . . [so that they] do[] not have to
13 monitor the (sic) take any calls or respond to the absent class members or take any enforcement
14 action and they can simple (sic) get paid some $200,000 per year for doing nothing!" *Id*. at 5.

   Meanwhile, Mr. Herships has already presented <u>all</u> of these claims, among many others, in
a parallel lawsuit that is now pending in this court before Judge Donato. *See Herships v. Smith et al*., Case No. 3:20-cv-07208-JB (Filed October 15, 2020). Mr. Herships' Amended Complaint in *Herships v. Smith et al*., therefore, alleges about the lack of notice to himself and other "absent class members" in the Santa Clara County Jails, about being deprived of his hearing aids, about the episode wherein he claims he was injured in a jail transport van, and about being denied timely access to his diabetes medications. *See Herships v. Smith et al*., Case No. 3:20-cv-07208-JB, Amend. Compl. (dkt. 14) at 3-4, 13, 14, 31, 33.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 24(a) a party must be granted leave to intervene when that party is given an unconditional right to do so by statute, or when that party claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter would impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Alternatively, as for permissible

intervention, the "court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). District courts consider several factors in determining whether to grant permissive intervention, and are "given broad discretion to make this determination . . ." *Perry v. Schwarzenegger*, 630 F.3d 898, 905-06 (9th Cir. 2011) (citation omitted).

## DISCUSSION

At the outset, the court should note the general rule that non-attorney litigants cannot appear *pro se* in class action cases because *pro se* litigants are not "adequate" class representatives under Federal Rule of Civil Procedure 23(a). *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases); *White v. Geren*, 310 Fed. App'x 159, 160 (9th Cir. 2009); *Bell v. Almager*, 388 F. App'x 672, 673 (9th Cir. 2010). The exception to this general rule is when a statute authorizes the plaintiff to prosecute the action on behalf of others. *Simon*, 546 F.3d at 664 n.6. However, that exception does not apply here, and Mr. Herships' Motion clearly seeks to intervene and litigate on behalf of himself and other "absent class members." It should also not go without mention that in prisoner cases, a *pro se* prisoner's ability to bring class actions is even more limited. *See, e.g.*, *Abel v. Alameda Cnty.*, No. C 07-3247 MJJ (PR), 2007 U.S. Dist. LEXIS 104014, 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("*Pro se* prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class.") (citations omitted).

The court finds that Mr. Herships does not satisfy the criteria for either mandatory or permissive intervention. With respect to intervention as of right, acknowledging that Mr. Herships "claims an interest relating to the property or transaction that is the subject of the action," he has failed to show that disposing of the action would, as a practical matter, impair or impede his ability to protect his interest. Fed. R. Civ. P. 24(a). This is so for two reasons: first, he has failed to show that his interest cannot be adequately protected by class counsel in this case; and second, the existence of his currently-pending parallel case (*Herships v. Smith et al.*, Case No. 3:20-cv-07208-JB (Filed October 15, 2020)) through which he presents, *inter alia*, the same issues about which he complains in his Motion to Intervene (dkt. 117) makes it clear that the denial of his request to

intervene in this case will have no effect at all on his ability to vindicate those same interests in his currently-pending parallel case. Nor has Mr. Herships indicated why class counsel, by whom he is already represented in this case, will be unable to protect his interests as a class member. Thus, for these reasons, Mr. Herships is not entitled to intervene as a matter of right.

The Court also will not permit Mr. Herships to intervene as a discretionary matter. It is true that he "has a claim or defense that shares with the main action a common question of law or fact." However, the Court must also consider several other factors to evaluate whether to grant permissive intervention. These factors include "whether the intervenor['s] interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit . . ." *Perry*, 630 F.3d at 905 (citation omitted).

Here, the Court finds that Mr. Herships' interests are adequately represented by other parties, that his inclusion in the action has the potential to prolong or unduly delay this litigation, and that Mr. Herships has not shown that his experience and knowledge exceeds that of the existing parties, potential experts, and other witnesses such that his intervention would "significantly contribute to full development of the underlying factual issues in the suit." For all of these reasons, the court finds that Mr. Herships should not be permitted to intervene.

## CONCLUSION

Therefore, Mr. Herships' Motion to Intervene (dkt. 117) is **DENIED**, and his Motion for Civil Contempt (dkt. 116) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: September 1, 2021

ROBERT M. ILLMAN
United States Magistrate Judge