JAMES R. WILLIAMS, County Counsel (S.B. #271253)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: aryn.harris@cco.sccgov.org

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | No. 15-CV-05277 NJV<br><br>**ORDER REGARDING STRESS TEST AND STRESS-TEST RELATED MATERIALS** |

Whereas, on November 18, 2015, the Prison Law Office filed a class action lawsuit against the County of Santa (hereafter Parties.) (Dkt. 1.) The Prison Law Office represents a class of Plaintiff-inmates in the County jails (Santa Clara County Main Jail and Elmwood Correctional Complex). Plaintiffs filed a class action on behalf of themselves and other County jail inmates, challenging the conditions of confinement, including alleged inappropriate use of solitary confinement; excessive use of force by correctional officers; and inadequate medical, dental, and mental health care.

Whereas, on October 23, 2018, the parties filed a Joint Motion for Settlement of the Motion for Preliminary Approval of the Consent Decree and Notice to Class. (Dkt. 73.) The Consent Decree was approved on March 20, 2019. (Dkt. 109.)

Whereas, the Parties have worked collaboratively with minimal court intervention to

remediate the issues identified in the Consent Decree.

Whereas, the Parties have sought the assistance of Magistrate Judge Nathanael Cousins with the resolution of a dispute regarding specific aspects of the conditions of confinement (e.g., out-of-cell time and access to health care), which the Parties acknowledge are related, in part, to staff and jail capacity challenges facing the County. The Parties also acknowledge the size of the jail population compounded, by these other challenges, is a critical factor in the ability to provide services to the jail population.

Whereas, the Parties attended a confidential mediation on August 19, 2022 and October 4, 2022 to discuss and resolve these issues. (Dkts. 130, 133, 135.) Further, the Parties have consulted with their jointly retained expert, Dr. James Austin, a criminologist, who has recommended that the County engage various criminal justice stakeholders in the County to evaluate the jail population and to look for opportunities to reduce the population safely. Dr. Austin has successfully utilized an exercise, which he calls a "Stress Test," to evaluate the criminal justice process related to the jail population in other jurisdictions.

Whereas, from those mediation sessions, the Parties agreed to work with Dr. Austin to perform a Stress Test and to request that the County's criminal justice stakeholders participate. In addition to the counsel of record in this case, Dr. Austin has recommended that a select number of individuals – as designated by the Agency head – from the following organizations (hereafter, "Necessary Criminal Justice Stakeholders") participate in and attend the Stress Test:

- Designee(s) from the Santa Clara County Superior Court
- Designee(s) from the Office of the County Executive
- Designee(s) from the Office of the District Attorney
- Designee(s) from the Office of the Public Defender
- Designee(s) from the Office of the Alternate Defender
- Designee(s) from the Independent Defense Counsel Office
- Designee(s) from the Office of Pretrial Services
- Designee(s) from the Probation Department
- Designee(s) from the Office of the Sheriff

Whereas, through mutual agreement, the Parties and the Necessary Criminal Justice Stakeholders have agreed to participate in the Stress Test in early March, 2023.

Whereas, in preparation for the Stress Test, Dr. Austin sought and obtained criminal justice data of inmates who were previously in custody in the County's jails. Based on that review, Dr. Austin selected approximately 50 cases for the Necessary Criminal Justice Stakeholders to review (hereafter, "Austin Case Summaries").

Whereas, the Austin Case Summaries include criminal justice data protected by federal and state law, including but not limited to, California Evidence Code § 1040 (Official Information Privilege), California Government Code § 15150 through § 15167 (California Law Enforcement Telecommunications System), Penal Code §§ 11075 et. seq., 11105 et. seq., 13102, and 13300 et seq. (Criminal Offender Record Information and Summary Criminal History Information).

Whereas, to effectively conduct the Stress Test, the Necessary Criminal Justice Stakeholders must review the Austin Case Summaries and conduct research regarding those cases, and the Parties and Necessary Criminal Justice Stakeholders may need to engage in preparatory and post-Stress Test communications (hereafter, Stress-Test Related Matters).

The Court hereby finds and orders as follows:

1. The Stress Test is necessary to assist the Parties in addressing the demands of the Consent Decree in this matter.

2. Good cause exists to allow counsel of record and the selected designee(s) from the Necessary Criminal Justice Stakeholders to access the criminal justice information related to the Austin Case Summaries.

3. The Office of the County Counsel shall receive the criminal justice data related to the Austin Case Summaries and distribute them to the Necessary Criminal Justice Stakeholders for the sole purpose of participating in the Stress Test and Stress-Test Related Matters. To achieve this purpose, the Office of the County Counsel will mark all materials confidential subject to the Protective Order in this case and may only disclose those materials pursuant to this Protective Order.

4. The Parties and Necessary Criminal Justice Stakeholders shall not further disclose the Austin Case Summaries or any information in them except as they may be separately authorized or compelled to by law. Further, the Parties and Necessary Criminal Justice Stakeholders shall maintain the Austin Case Summaries and Stress-Test Related Materials in a confidential and secure manner.

5. Good cause exists for the Stress Test and Stress-Test Related Matters to occur in a confidential setting to facilitate frank and open discussions and to protect the criminal justice information that will be discussed. To achieve this purpose and to protect

against unauthorized access to criminal justice information, no other individuals are authorized to attend the Stress Test or participate in Stress-Test Related Matters.

**SO STIPULATED.**

Dated: February 17, 2023

PRISON LAW OFFICE

By: */s/ Don Spector*
DON SPECTOR
Attorneys for Plaintiffs

Dated: February 17, 2023

Respectfully submitted,

JAMES R. WILLIAMS
County Counsel

By: */s/ Aryn Paige Harris*
ARYN PAIGE HARRIS
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

**CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that the concurrence of Don Spector in the filing of this stipulation has been obtained.

Dated: February 17, 2023

By: */s/ Aryn Paige Harris*
ARYN PAIGE HARRIS
Deputy County Counsel

**SO ORDERED.**

Dated: February 17, 2023




NATHA
United S agistrate

2782885