# EXHIBIT 22

**OFFICE OF THE COUNTY COUNSEL**
**COUNTY OF SANTA CLARA**

County Government Center
70 West Hedding Street
East Wing, 9th Floor
San José, California  95110-1770

(408) 299-5900
(408) 292-7240 (FAX)

James R. Williams
COUNTY COUNSEL

Greta S. Hansen
CHIEF ASSISTANT COUNTY COUNSEL

Robert M. Coelho
Tony LoPresti
Steve Mitra
Kavita Narayan
Douglas M. Press
Gita C. Suraj
ASSISTANT COUNTY COUNSEL



July 27, 2022

Donald Specter
Prison Law Office
1917 Fifth Street
Berkeley, CA  94710

      Re:   *Brian Chavez, et al. v. County*
             Case No. 15-CV05277 RMI

Dear Mr. Specter:

      I write to respond to your July 5, 2022, letter regarding the conditions at the jail and the request that the County attend mediation with our assigned federal magistrate, Judge Nathanael Cousins.  First, the County is agreeable to returning to Judge Cousins for mediation on these very complex issues, which, as you know, is already scheduled for August 19, 2022.

      Your letter raises many key challenges the County is working diligently to address notwithstanding significant obstacles to solving them.  With respect to the staffing issues identified in your letter, notably, the issue is not one of staffing authorization.  There are currently 140 funded but vacant full-time Custody Bureau positions.  As we discussed with you on June 23, 2022, the County's ability to rapidly hire and retain Custody Bureau officers involves obstacles, many of which are beyond the County's control (e.g., lack of applicants, non-discretionary screening measures that take months, multi-factorial job undesirability, attrition of eligible retirees).  The County is working and will continue to work diligently on strategies to improve the recruitment and retention of Custody Bureau staff.

      Further, as you note, the Sheriff's Office has begun implementation of the emergency staffing plan we provided you on June 20, 2022.  The County has a responsibility to discuss many of these changes with the affected labor groups.  The County anticipates that the plan will be fully implemented in the next few weeks.  Even with the changes not fully implemented, the County has already begun to see improvement in some of the units flagged for out-of-cell time issues by expanding programming hours and reducing the number of groups that program.  (*See*, July 19, 2022 e-mail to PLO).  We will continue to work on solutions in the other units and we will report out to PLO on the out-of-cell time levels as previously agreed.

Letter to Donald Specter
Re: *Brian Chavez, et al. v. County*
Date: July 27, 2022
Page 2

As to the concerns regarding violence among inmates, the County is studying – in conjunction with our monitors – the factors that contribute to the higher-than-average inmate violence rate. However, to the extent you are contending that the violence rate is primarily due to staffing or out-of-cell time, we do not agree. As you know, the County has successfully and dramatically reduced the use of solitary confinement (known as Administrative Management in our facility) by 1000 percent[1] since the *Chavez* class action was filed. But, based on Dr. Austin's – our joint expert in classification in population management – recent review of the County's classification practices, the County needs to be more restrictive in some of its classification decisions. Specifically, Dr. Austin found that the violence rate is linked to certain inmates who commit acts of violence and present a risk of continued violence, and that they should be held in a more restrictive environment longer than the current 45 days maximum in the remedial plan. And, Dr. Austin opines, several inmates should be re-classed from medium to maximum security. We anticipate these measures will reduce the rates of inmate violence, but we will continually evaluate and implement solutions.

The available solutions to these conditions of confinement issues are very challenging because solutions often cause different problems. For instance, an obvious solution to reduce the inmate violence rate would be to reduce the number of inmates who program together or separately house the more violent inmates. However, as discussed above, this would reduce the out-of-cell time because the facility design of these eight units – that house medium and high-security inmates – do not lend themselves to smaller group programming *and* sufficient out-of-cell time. As for additional housing units, those options are limited for a variety of reasons, including because the County is currently operating Risk Management Units that successfully prevent the spread of COVID and must close housing units to renovate for ADA accessibility (as required by the *Cole* consent decree).

As you correctly note, another contributing factor is the overall jail population. Although the current jail population is significantly lower than the population that existed at the time that the *Chavez* lawsuit was filed, we agree that fewer inmates would reduce the demand for services and improve safety within the jail. But, as you recognize, the jail population is largely driven by third-party actors, including the court, police agencies, the district attorney, the public defender and other defense attorneys, and the state hospital/prison systems, that the County does not control. The County has already engaged Dr. Austin to re-analyze the jail population level and its driving factors. Dr. Austin will propose potential solutions that the County can implement, including possible Sheriff-led solutions and solutions that lie with the criminal justice partners. Further, the County will host Dr. Austin and invite the criminal justice partners to participate in a stress test designed to identify areas for improvement and collaborate with these partners in implementing solutions to reduce the jail population.

---

[1] The County averaged 400 inmates in solitary confinement at the time the lawsuit was filed. On average, the County now places about 40 individuals in Administrative Management setting.

Letter to Donald Specter
Re: *Brian Chavez, et al. v. County*
Date: July 27, 2022
Page 3

    An additional critical challenge not mentioned in your letter is the significant obstacles to greater out-of-cell time, efficient staffing and inmate safety created by the current jail facility. To address these challenges, the County plans to build and has obtained authority to proceed with the building of a 500-bed facility, which will complement and support the County's other strategies to significantly improve conditions at the jail.

    As we have done many times during this litigation, the County looks forward to working collaboratively with you on solutions to address the very complex issues raised by your letter.

    Very truly yours,

    JAMES R. WILLIAMS
    County Counsel

    */s/ Aryn Paige Harris*

    ARYN PAIGE HARRIS
    Deputy County Counsel

APH:abe

2674586.DOCX